**FILED**

**November 3, 2017**

**TN COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**

**Time 9:35 AM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | | |
|---|---|---|
| **JENNIFER DOUGLAS,** | ) | **Docket Number: 2017-02-0314** |
| **Employee,** | ) | |
| **v.** | ) | |
| **PINE PALMS MGT., Inc., d/b/a** | ) | **State File Number: 97179-2016** |
| **MEDICAL CARE,** | ) | |
| **Employer,** | ) | |
| **AND** | ) | |
| **HARTFORD INSURANCE,** | ) | **Judge Brian K. Addington** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER DENYING
## MEDICAL AND TEMPORARY DISABILITY BENEFITS

This matter came before the undersigned Workers' Compensation Judge on October 30, 2017, for an Expedited Hearing. The central legal issues are whether Ms. Douglas suffered an injury arising primarily out of and in the course and scope of employment with Pine Palms while traveling to attend a quarterly meeting, and if so, the benefits to which she is entitled. The Court holds Ms. Douglas has not come forward with sufficient evidence to establish she is likely to prevail at a hearing on the merits and denies her request for medical and temporary disability benefits at this time.

### Claim History

Ms. Douglas received severe injuries in an automobile accident on November 15, 2016, while travelling to a quarterly meeting. Ms. Douglas started work for Pine Palms in April 2015 as a LPN. Pine Palms has three locations. Ms. Douglas worked primarily three days per week at the Johnson City location and as a fill-in for absent employees and for quarterly educational meetings at the Elizabethton location. Pine Palms did not pay her for travelling to and from work, but it paid nurses for their time at the quarterly meeting.

On November 15, 2016, Ms. Douglas worked in Pine Palms' Johnson City office during the day. After her shift ended, Ms. Douglas drove home and remained there for a

1

while before she left for the meeting after dark. Unfortunately on the way to the meeting, Ms. Douglas was involved in a serious motor vehicle accident when a third party struck her car. The Court will not recount her injuries, but she underwent extensive surgery and incurred more than $100,000 in medical bills.

Ms. Douglas testified that she has been unable to work following the accident and is still under a doctor's care.[1] She confirmed her average weekly wage was $225.35, which provided a compensation rate of $150.23.

Ms. Douglas argued that Pine Palms required her to go to the quarterly meeting and could have disciplined her for missing it. She asserted she was not a traveling employee but that this was a "special errand" that benefited her employer. She requested past and ongoing medical benefits and temporary total disability benefits. Hartford argued that Ms. Douglas' injury was not compensable because the accident occurred on her way to work.

### Findings of Fact and Conclusions of Law

Ms. Douglas has the burden to prove all essential elements of her claim. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). However, she need not prove every element of her claim by a preponderance of the evidence to obtain relief at an Expedited Hearing. Instead, she must come forward with sufficient evidence from which the trial court can determine that she is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

The primary question is whether Ms. Douglas suffered an injury arising primarily out of and in the course and scope of employment. Generally, an employee is not acting within the course and scope of employment when the employee is going to and coming from work unless the employee is on the employer's premises. However, the "special errand exception" applies when an employee is injured while performing some special act, assignment, or mission at the direction of the employer. The focus on special errand cases involve an off premises journey that required additional time and trouble in making the journey, its inconvenience, hazard, or urgency in making it, and the particular circumstances of it. *Hubble v. Dyer*, 188 S.W.3d 525, 534 (Tenn. 2006).

Ms. Douglas primarily relied on *Hubble, Carter v. Phoenix Rest. Grp. of TN, Inc.*, 1997 LEXIS 42 (Tenn. Workers' Comp. Panel Jan. 23, 1997) and *Carter v. Utica Mut. Ins. Co.*, 2003 LEXIS 750 (Tenn. Workers' Comp. Panel Aug. 27, 2003). Each is distinguishable. In *Hubble*, Dyer Nursing Home required Ms. Hubble, prior to starting her normal job, to travel to a special three-day orientation thirty miles from where she would be working. In *Carter v. Phoenix*, the employer required Ms. Carter to travel to a one-time test approximately twenty-five miles from her normal working location,

---

[1] Ms. Douglas did not submit any off work slips from her physician.

although Ms. Carter previously worked in that location. In *Carter v. Utica*, the employer required Ms. Carter to travel from Chattanooga to attend a one-day seminar in Atlanta. In each case, the employee suffered an injury during the special errand.

Ms. Douglas argued that the quarterly educational meeting was special because it entailed duties that differed from her normal job. The Court disagrees. The meeting was not a one-time special occurrence, nor was it particular to Ms. Douglas, as Pine Palms required all of its nurses to attend the quarterly educational meetings. Ms. Douglas knew she must attend this quarterly meeting when she accepted the position, so traveling to the meeting did not present any inconvenience beyond her normal job duties. Also, Ms. Douglas took the same route to the meetings that she took to work at the Elizabethton location. Even though she traveled during the evening hours, the Court holds that the travel requirement did not present a special hazard.

Based on all the evidence submitted, the Court does not find that Ms. Douglas was on a special errand when the accident occurred. Thus, the Court holds Ms. Douglas did not come forward with sufficient evidence from which the Court would find her likely to prevail at a hearing on the merits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Douglas' request for benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on December 21, 2017, at 10:00 a.m. Eastern Time. The parties must call 855-943-5044 toll-free to participate in the hearing. Failure to appear by telephone may result in a determination of the issues without your participation.

**ENTERED ON NOVEMBER 3, 2017.**

_/s/ BRIAN K. ADDINGTON_
**Judge Brian K. Addington**
**Court of Workers' Compensation Claims**

3

# APPENDIX

Exhibits:
1. Ms. Douglas' affidavit
2. Wage Statement
3. Medical Records-Collective Exhibit
4. Collective Exhibit-Photographs
5. Medical Bills

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on November 3, 2017.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Greg Haden, **Employee's Attorney** | | | X | ghaden@hsdlaw.com |
| Joseph Ballard, **Employer's Attorney** | | | X | Joseph.ballard@thehartford.com |

**PENNY SHRUM, COURT CLERK**
**Court of Workers' Compensation Claims**
we.courtclerk@tn.gov

4